RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 2 1 2025

DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. | 6:25-CR-00134-01 |
| | * | | Judge Summerhays |
| VERSUS | * | 18 U.S.C. § 371 | Magistrate Judge Whitehurst |
| | * | 18 U.S.C. §§ 1343, 1346 | |
| JACK MONTOUCET | * | 18 U.S.C. § 1956(h) | |
| | * | 18 U.S.C. § 981 | |
| | * | 18 U.S.C. § 2461 | |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1
CONSPIRACY TO COMMIT AN OFFENSE
18 U.S.C. § 371

AT ALL TIMES MATERIAL HEREIN:

**Background**

1.     The Louisiana Department of Wildlife and Fisheries ("LDWF") was a department of the State of Louisiana responsible for managing and protecting all wildlife and aquatic life and enforcing boating safety laws.

2.     LDWF required most members of the public to obtain licenses to hunt and boat in the State of Louisiana. Additionally, LDWF offered hunters and boaters education courses. These courses were offered in person and through online formats. The person taking the courses had to pay fees to take the online versions.

3.     Non-excepted persons who hunted or boated in the State of Louisiana without a license were subject to citations by LDWF, which included civil fines and

1

educational courses that were also available online. The person taking the courses had to pay fees to take them.

4.    In any one-year period in 2021, LDWF was an agency of the State of Louisiana that received in excess of $10,000 in benefits under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of assistance.

5.    The defendant, JACK MONTOUCET (hereafter "MONTOUCET"), was the Secretary of the LDWF. As Secretary, MONTOUCET was LDWF's chief executive and empowered, among other things, to enter contracts on LDWF's behalf. MONTOUCET was, therefore, an agent of the State of Louisiana.

6.    Dusty J. Guidry (hereinafter "Guidry") was a Commissioner on the LDWF Commission. The LDWF Commission was charged with the control and supervision of the wildlife of the state, including all aquatic life and operated as a policy-making and budgetary control board. Guidry was placed on the Commission by and would take actions as directed by MONTOUCET.

7.    Leonard C. Franques, IV (hereafter "Franques") was a resident of the State of Louisiana and owned DGL1, LLC, a business entity created to provide online educational courses to be used by LDWF. DGL1 was registered with the State of Louisiana in May 2020. Franques also owned LWF, LLC (hereafter "LWF"), a Louisiana company registered with the State of Louisiana in June 2020.

8.    Company A is a company known to the Grand Jury that was a software development business located in Baton Rouge, Louisiana. Among other things,

2

Company A provided online payment processing services and collected proceeds for DGL1 and remitted them to LWF.

**The Conspiracy**

9.    Beginning no later than May 2020, and continuing until on or about June 2022, the defendant, JACK MONTOUCET, did knowingly and unlawfully combine, conspire, confederate, and agree with Guidry and Franques, and others known and unknown to the Grand Jury, to commit the following offenses against the United States:

a.    to, being an agent of a state government, corruptly solicit and demand and accept and agree to accept anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such government involving any thing of value of $5,000 or more; that is, MONTOUCET, the Secretary of LDWF, accepted and agreed to accept kickbacks from Franques, in return for being influenced in connection with awarding a state contract to DGL1, in violation of Title 18, United States Code, Section 666(a)(1)(B); and

b.    to devise and intend to devise a scheme and artifice to defraud and to deprive, by means of material false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communication in interstate commerce, any writing signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice to defraud and deprive; that is, to deprive the United States and the citizens of Louisiana of their right to the

honest services of MONTOUCET, the Secretary of the LDWF, through bribery, in violation of Title 18, United States Code, Sections 1343 and 1346.

**Objects of the Conspiracy**

10.    The object of the conspiracy was to obtain money to which the conspirators were not entitled, by having MONTOUCET and Guidry use their official positions at LDWF to award a state contract to DGL1. In exchange, Franques agreed to provide—and MONTOUCET and Guidry agreed to accept—kickbacks and other things of value.

11.    Another object of the conspiracy was to hide, conceal, and cover up its existence, including the true source and nature of the payments to Franques and the payments provided and to be provided to MONTOUCET and Guidry.

**Manner and Means of the Conspiracy**

12.    The conspiracy was carried out through the following manner and means, among others:

13.    Using their positions at LDWF, MONTOUCET and Guidry awarded an LDWF contract to DGL1 to provide: (1) the online hunters' education and boaters' education courses; and (2) the educational courses to resolve LDWF citations. Under the contract, DGL1 would keep a portion of the revenue generated from providing these services for LDWF.

14.    In exchange for their efforts in awarding an LDWF contract to DGLI, Franques agreed to provide future kickbacks to MONTOUCET and Guidry.

4

15.    From on or about November 10, 2021, until June 10, 2022, LWF received $454,174.14 from the LDWF contract signed by MONTOUCET, of which $122,507.96 was held as a kickback for MONTOUCET, to be paid after he completed his term as LDWF Secretary.

**Overt Acts**

16.    In furtherance of the conspiracy and to effect the objects of the conspiracy, MONTOUCET, Guidry, and Franques committed and caused to be committed the following acts, among others, in the Western District of Louisiana and elsewhere:

a.    On January 27, 2021, MONTOUCET caused LDWF to award a no-bid contract to DGL1 to provide online hunters' and boaters' education courses.

b.    After learning the no-bid contract could not be entered into, MONTOUCET provided information and assistance to DGL1 to ensure it had a competitive advantage in the public bidding process.

c.    On or about October 8, 2021, in Lafayette, Louisiana, MONTOUCET, acting on behalf of the LDWF, and through his authority as Secretary, signed a contract with DGL1 to provide: (i) the online hunters' and boaters' education courses; and (ii) the courses to resolve LDWF citations, knowing it would ultimately benefit him financially.

d.    On or about November 4, 2021, the conspirators discussed how to conceal and disguise the kickback payments. Specifically, in a call intercepted by law

enforcement, MONTOUCET told Guidry that he "can't have no...record" of the kickbacks.

e.    On or about November 19, 2021, MONTOUCET, Guidry, and Franques met in Scott, Louisiana, and agreed that Franques would hold MONTOUCET'S kickbacks until such time as MONTOUCET retired from the LDWF, in order to conceal the kickbacks while MONTOUCET was in office.

All in violation of Title 18, United States Code, Section 371. [18 U.S.C. § 371].

## COUNTS 2-4
## WIRE FRAUD
## 18 U.S.C. §§ 1343, 1346

17.    The Grand Jury re-alleges paragraphs 1 through 16 of the Indictment as if fully stated herein as constituting an allegation concerning the scheme and artifice to defraud.

18.    On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the defendant, JACK MONTOUCET, for the purpose of executing and attempting to execute the above-described scheme to defraud and deprive; that is, to deprive the United States and the citizens of Louisiana of their right to the honest services of MONTOUCET, the Secretary of the LDWF, through kickbacks, by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted in interstate commerce, the writings, signs, signals, pictures, and sounds set forth below, that is, wire transfers into LWF's Hancock Whitney bank account from the bank account of Company A,

resulting in an interstate electronic communication, each transmission constituting a separate count:

| COUNT NUMBER | DATE | WIRE AMOUNT |
|---|---|---|
| 2 | November 10, 2021 | $53,085.03 |
| 3 | December 15, 2021 | $103,302.53 |
| 4 | January 14, 2022 | $57,951.15 |

All in violation of Title 18, United States Code, Sections 1343 and 1346 [18 U.S.C. §§ 1343 and 1346].

## COUNT 5
### CONSPIRACY TO COMMIT MONEY LAUNDERING
### 18 U.S.C. § 1956(h)

19. The Grand Jury re-alleges paragraphs 1 through 18 of the Indictment as if fully stated herein.

20. Beginning on a date unknown, but no later than May 2020, and continuing until on or about June 10, 2022, the defendant, JACK MONTOUCET, did conspire, confederate, and agree with Leonard Franques and Dusty Guidry, and others, both known and unknown to the Grand Jury, to commit a crime against the United States, that is money laundering in violation of Title 18, United States Code, Section 1956 to wit: to knowingly conduct and attempt to conduct one or more financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346, knowing that the transactions were

designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). [18 U.S.C. § 1956(a)(1)(B)(i)].

**Manner and Means of the Conspiracy**

21.    The conspiracy was carried out through the following manner and means, among others:

a.    MONTOUCET, Franques, and Guidry agreed that Franques would hold MONTOUCET'S share of the kickbacks generated from DGL1's contract with LDWF until MONTOUCET retired from LDWF to conceal that the kickbacks were being paid to MONTOUCET.

b.    MONTOUCET, Franques, and Guidry agreed that after his retirement from LDWF, Franques would hire MONTOUCET and pay MONTOUCET'S kickbacks as a purported "signing bonus," in order to further conceal the true nature of these funds.

All in violation of Title 18, United States Code, Section 1956(h). [18 U.S.C. § 1956].

<u>**FORFEITURE ALLEGATIONS**</u>

22.    The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

23.    Upon conviction any of the offenses set forth in Counts 1 through 5 of this Indictment, the defendant, JACK MONTOUCET, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

24.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

**REDACTED**

GRAND JURY FOREPERSON

ALEXANDER C. VAN HOOK
Acting United States Attorney

MYERS P. NAMIE, LA#29359
LAUREN L. GARDNER, LA#30595
LADONTE A. MURPHY, LA#31272
Assistant United States Attorneys
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618